# No. 23-2062

*In the*

# UNITED STATES COURT OF APPEALS
*for the*
# FIRST CIRCUIT

MEREDITH O'NEIL; JESSICA SVEDINE; DEANNA CORBY; ROBERTO SILVA,

Plaintiffs-Appellants,

JENNA ROCCO; NICK ROCCO,

Plaintiffs,

v.

CANTON POLICE DEPARTMENT; TOWN OF CANTON MASSACHUSETTS; HELENA RAFFERTY, as Chief of the Canton Police Department and in her personal capacity; ROBERT ZEPF; MICHAEL CHIN; ANTHONY PASCARELLI; JOSEPH SILVASY,

Defendants-Appellees.

*On Appeal from the United States District Court
for the District of Massachusetts
No. 1:23-cv-12685-DJC
The Honorable Denise J. Casper*

**PLAINTIFFS-APPELLANTS' RESPONSE TO
DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF**

Marc J. Randazza
Jay M. Wolman
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
ecf@randazza.com

**TABLE OF CONTENTS**

RESPONSE TO DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF ........1

    1.0    A LIVE CONTROVERSY REMAINS ................................................................1

    2.0    FUTURE PROTESTS ARE NEITHER HYPOTHETICAL NOR MOOT ........................4

    3.0    THE INFRINGEMENT OF RIGHTS WAS MORE THAN *DE MINIMUS* ....................5

    4.0    CONCLUSION .............................................................................................6

CERTIFICATE OF COMPLIANCE ....................................................................8

CERTIFICATE OF SERVICE ...............................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Bachellar v. Maryland*,
  397 U.S. 564 (1970) ................................................................................................3

*Commonwealth v. Parent,*
  465 Mass. 395 (2013) ..............................................................................................4

*Commonwealth v. Read*,
  Case No. 2282CR00117 (Norfolk Sup. Ct. Aug. 23, 2024) ...............................2, 6

*O'Keefe, et al. v. C&C Hospitality, LLC, et al.*,
  Civil Action No. 2483cv00692 (Plymouth Sup. Ct. filed Aug. 26, 2024) ..............3

*Poe v. Ullman*,
  367 U.S. 497 (1961) ................................................................................................2

*Steffel v. Thompson*,
  415 U.S. 452 (1974) ................................................................................................2

**STATUTES**

Mass. Gen. Laws, ch. 268, § 13A ..............................................................3, 4, 5, 6

Mass. Gen. Laws, ch. 268, § 13B ..............................................................3, 4, 5, 6

**RESPONSE TO DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF**

Nothing in Defendants-Appellees' Supplemental Brief warrants a determination that this appeal is no longer justiciable. It acknowledges that the *Read* prosecution is ongoing. It acknowledges that Plaintiffs-Appellants have concrete speech planned for future demonstrations. The issues are not moot, and this Court may grant effective relief on appeal.

**1.0    A Live Controversy Remains**

Taking the arguments raised by the government one-by-one, the Court should not be misled by the obfuscation of the issues. There is no dispute that Appellants, on the record, laid out concrete plans to protest on November 12, 2023, "and thereafter" to engage in "other similar such protests." AA003 & AA009 at ¶ 40. Although November 12, 2023, has passed, the lack of defined dates for future demonstrations is a red-herring. Appellants have realistic plans for future demonstrations and do not have to specify a precise schedule. Where a demonstration occurred on November 5, 2023, a demonstration was specifically planned for November 12, 2023,[1] and other demonstrations were held (as admitted

---

[1] The underlying motion sought an emergency temporary restraining order as to the November 12 demonstration and otherwise sought a preliminary injunction as to the future ones without an evidentiary. The District Court denied both requests. To the extent the government complains (Appellees' Supp. Br. at 5) about the lack of opportunity to present evidence or, if warranted, take discovery (which is something they did not seek in opposing the motion below), they should take it up with the District Court upon reversal.

by the government) in other locations consistently throughout the *Read* prosecution, there can be no doubt that Appellants' expression of an intent to resume their demonstrations gives rise to a justiciable claim. In similar circumstances, involving handbilling, the Supreme Court found the claim justiciable where:

> [the petitioner] has been twice warned to stop handbilling that he claims is constitutionally protected and has been told by the police that if he again handbills at the shopping center and disobeys a warning to stop he will likely be prosecuted. The prosecution of petitioner's handbilling companion is ample demonstration that petitioner's concern with arrest has not been "chimerical," *Poe v. Ullman*, 367 U.S. 497, 508 (1961). In these circumstances, it is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights.

*Steffel v. Thompson*, 415 U.S. 452, 459 (1974). The *Steffel* petitioner did not set forth specific dates for future handbilling. The only real question was whether "subsequent events have so altered petitioner's desire to engage in handbilling[.]" *Id.* at 460. Here, as Karen Read just lost her motion to dismiss on double-jeopardy grounds (*Commonwealth v. Read*, Case No. 2282CR00117 (Norfolk Sup. Ct. Aug. 23, 2024)), it cannot be realistically said that subsequent events altered Appellants' desire to demonstrate against the prosecution at the busiest intersection in Canton. In fact, since the supplemental briefs were filed, there is a strong likelihood that Chris Albert and the other witnesses will remain witnesses not only as to the prosecution, but as to the wrongful death action filed August 26, 2024. *See O'Keefe,*

*et al. v. C&C Hospitality, LLC, et al.*, Civil Action No. 2483cv00692 (Plymouth Sup. Ct. filed Aug. 26, 2024).

This is not a case, as the government suggests (Appellees' Supp. Br. at 3), about the right to merely protest the prosecution. Even if the Court were to believe Appellee Rafferty's un-cross-examined declaration as to other demonstrations, this case is about the right to protest being shut down merely because one witness, Chris Albert, might happen to see it, even if the demonstration is not targeting him nor seeking to intimidate him.[2] Sections 13A and 13B have been unconstitutionally applied, as they have been weaponized as a heckler's veto, an impermissible justification for the restriction of speech. *See Bachellar v. Maryland*, 397 U.S. 564, 567 (1970) ("it is firmly settled that under our Constitution the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers, or simply because bystanders object to peaceful and orderly demonstrations" (internal citations omitted)). If Mr. Albert did not find the demonstrations offensive, the statutes would not have been weaponized against Plaintiffs-Appellants.

---

[2] None of the signage was about Mr. Albert. None of the Plaintiffs-Appellants are alleged to have gone to D&E Pizza or spoken with Mr. Albert. While they want Mr. Albert to testify truthfully, the demonstration was not about him. Defendants made the decision to shut down the demonstration because Mr. Albert could see it; the Court should not be misled or confused that Mr. Albert's presence was the reason why the demonstration was held at the busiest intersection in town, across from the restaurant where Ms. Read and Mr. O'Keefe met up that fateful night.

Appellants remain at risk. Appellees are undeterred by the dismissal of the charges against Appellants for lack of probable cause. Instead, as Appellee Rafferty avers, Appellees are "currently reviewing [the] ability to appeal these [lack of probable cause] findings." SDAA-3 at ¶ 9. Thus, the request for injunctive relief remains justiciable.

**2.0  Future Protests are Neither Hypothetical nor Moot**

In a gross mischaracterization and misstatement of the facts and claims, the government asserts that Appellants are seeking to influence Mr. Albert in his testimony; while they do want everyone to tell the truth, it is false to suggest that Mr. Albert was the target of the demonstration. More to the issue before this Court, it is immaterial that Mr. Albert or any other witness has already testified once. Ms. Read will be re-tried. Mr. Albert will again likely be a witness in both the prosecution and wrongful death action. Witnesses do not always give identical testimony—there is an entire corpus of Massachusetts caselaw on witnesses' prior inconsistent statements to address such an occurrence. *See, e.g., Commonwealth v. Parent,* 465 Mass. 395, 399-400 (2013). Thus, it cannot be said that it is known what his testimony will be or that he is now, somehow, out of the ambit of Sections 13A & 13B.

The government's entire argument with respect to the upcoming retrial of Ms. Read rendering the demonstrations non-moot is that Mr. Albert might not change his

testimony. But, the statutes are silent as to witnesses who have testified once already, and the government offers nothing to indicate that Appellants will not be charged if they engage in the same demonstrations they engaged in previously.[3] Thus, the matter is not moot.

**3.0 The Infringement of Rights was More than *De Minimus***

Appellants were threatened by the government for their demonstration and were charged on account of it. Yet, Appellants' concerns are characterized as "*de minimus.*" (Appellees' Supp. Br. at 10).

The government asserts the absence of a policy to enforce Sections 13A & 13B merely for holding a sign that says "JUSTICE" (*id.*). Yet, the government does not explain why Appellants were threatened and charged on account of it. At best, the government is asserting that Appellants can hold such a sign—so long as a witness who is offended might not see it. But, as set forth above, this is an unconstitutional heckler's veto.

The government's attorneys attempt to disclaim this notion in their brief. (Appellees' Supp. Br. at 11). But, the disclaimer is belied by what Appellees actually did—tell Appellants they could not protest because Mr. Albert could see it. (Appellants' Supplemental Brief, Ex. 7). While it is heartening for counsel for

---

[3] The Court should ignore unevidenced allegations about what unidentified individuals may have done—this appeal is about Appellants' rights and the as-applied unconstitutional conduct.

Appellees to recognize that merely holding up a sign that says "Justice" at the intersection should not subject Appellants to prosecution, their clients did precisely that in the absence of probable cause. That is why an injunction remains necessary, to ensure that Appellees abide the clearly established commands of the First Amendment. The promises of counsel are insufficient where Appellees have already shown a willingness to abuse Sections 13A & 13B in identical circumstances.

**4.0  Conclusion**

There remains a live controversy before this Court. Nothing has changed since November 5, 2023. Appellees continue to believe, as Appellee Rafferty averred, that the past protest violated Sections 13A & 13B. The *Read* prosecution is not over and the wrongful death action just started. Appellants have not withdrawn plans to engage in the same demonstrations and remain at risk of being wrongly charged, again. The relief requested is not moot and the matter remains justiciable. The order of the District Court should, therefore, be reversed and the preliminary injunction entered.

Date: August 30, 2024.	Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza (Bar No. 90629)
Jay M. Wolman (Bar No. 1135959)
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
ecf@randazza.com

*Attorneys for Appellants.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 1,439 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Date: August 30, 2024.   RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: August 30, 2024.                    RANDAZZA LEGAL GROUP, PLLC

                                                                                  /s/ Marc J. Randazza
                                                                                 Marc J. Randazza